IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Appellant,<br><br>        v.<br><br>KAREN LYNNE FJERSTAD,<br><br>        Respondent. | No. 85790-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — The State of Washington appeals from an order granting Karen Fjerstad's motion for relief under CrR 7.8 and our Supreme Court's opinion in *State v. Blake*.[1]  The State avers Fjerstad was not entitled to the return of fees paid under a preconviction therapeutic court agreement and, more broadly, that CrR 7.8 does not apply to dismissed charges.  We rely on our opinion in a companion case, *State v. Peterson*,[2] where we concluded that the trial court lacked authority to retain and grant such a motion.  As such, we reverse.

FACTS

On March 28, 2007, the State charged Karen Fjerstad with one count of possession of a controlled substance, heroin, under former RCW 69.50.4013(1) (2003), alleged to have occurred on January 31, 2007.  On May 9, 2007, while the charge was pending, Fjerstad petitioned, with the agreement of the prosecuting

_____

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).
[2] No. 85791-6-I (Wash. Ct. App. Aug. 4, 2025), https://www.courts.wa.gov/opinions/pdf/857916.pdf.

attorney, for admission into the Snohomish County Superior Court CHART program,[3] which the parties and court also referred to as "drug court." Fjerstad's participation in the CHART program was contingent upon accepting an extensive set of stipulations and waivers of various constitutional rights, in addition to payment of a mandatory $600 participation fee. In exchange, the State agreed to dismiss her charge with prejudice upon her successful completion of the program. After Fjerstad paid the fee in full, successfully completed her substance use disorder treatment, and otherwise satisfied the terms of the CHART program, the State moved to dismiss the charge on August 12, 2008, and the court granted the motion.

In 2021, our Supreme Court held in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021) that former RCW 69.50.4013 (2017), the state's strict liability drug possession statute, was unconstitutional. Following that opinion, Fjerstad filed a CrR 7.8 motion to vacate her dismissed possession of a controlled substance charge and to recover the $600 drug court participation fee she had paid. She argued that, pursuant to *Blake*, the State lacked authority to charge her with possession of a controlled substance in 2007, which made the criminal charge void from inception. She contended that the plain language of *Blake* required vacatur of her dismissed drug possession charge.

Fjerstad asserted that she was entitled to relief under CrR 7.8(b), her motion was timely under RCW 10.73.100(6), and she presented a due process argument

---

[3] None of the documents transmitted in the record on appeal provide a definition or explanation for the apparent acronym, CHART.

based on *State v. Curtis*[4] and *Nelson v. Colorado*.[5]  Her position on *Curtis* and *Nelson* was offered despite expressly acknowledging that the cases involved the refunds of legal financial obligations (LFOs) after criminal convictions were overturned, which was distinct from her case.  Fjerstad nonetheless averred that she had an interest in the return of the fees she paid for participation in the CHART program because she pursued that option only because of the threat of criminal prosecution under an unconstitutional statute.  Fjerstad contended that the State had no legitimate claim to retain the fees since her only criminal charge in this case was based on a void statute.

As with other, nearly identical motions filed in other cases of similarly situated defendants,[6] the State opposed Fjerstad's motion and argued that CrR 7.8 is not the proper avenue for vacating dismissed charges.  It averred that Fjerstad had voluntarily agreed to participate in drug court and her agreement fell outside the scope of CrR 7.8.  The State further argued that due process claims under *Nelson* only apply to fees that resulted from criminal convictions and, since Fjerstad was never convicted in this case, her due process claim had no merit.  The State conceded that CrR 7.8 is the appropriate vehicle for seeking refunds of

---

[4] No. 36803-3-III (Wash. Ct. App. Nov. 16, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/368033_unp.pdf.  Under GR 14.1(c), we may cite to unpublished opinions as necessary for a well-reasoned opinion.  *Curtis* is included here only because it was offered as authority by Fjerstad.

[5] 581 U.S. 128, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017).

[6] Fjerstad's attorney on this matter in the trial court also represented two other similarly situated Snohomish County drug court graduates and all of their motions were heard in the same week, two on the same docket.  The State appealed from all three orders, which were nearly identical as they were apparently drafted by defense counsel, and presented similar arguments in each case.  The companion cases are *State v. Peterson,* No. 85791-6-I and *State v. Hunter*, No. 85792-4-I.

*Blake*-related LFOs under this court's opinion in *Civil Survival Project v. State*,[7] but it insisted that the CHART program fees were not LFOs imposed pursuant to a criminal conviction and were therefore not subject to CrR 7.8.

The State averred that Fjerstad had already received the remedy of dismissal upon successful completion of the CHART program and, consequently, could not make a substantial showing that she was entitled to the remedy of "vacating" a charge. As such, the State asserted, her motion should be transferred to the Court of Appeals as a personal restraint petition (PRP). Alternately, it contended that Fjerstad's motion should be dismissed and that she could filed a civil claim for unjust enrichment.

The trial court conducted a hearing on August 8, 2023 and took argument from both parties before it granted Fjerstad's motion and entered the following findings and rulings:

> 1. The defendant's motion is properly raised under CrR 7.8 and is hereby granted.
> 2. The defendant's motion shall not be transferred to the Court of Appeals as a Personal Restraint Petition because the defendant's motion is not time barred by RCW 10.73.090, and she has made a substantial showing that she is entitled to relief.
> 3. The charge of POSSESSION OF A CONTROLLED SUBSTANCE contained in the Information filed on January 6, 2012, against the above-named defendant, is constitutionally defective pursuant to CrR 7.8(2) [sic] and *State v. Blake* and is hereby vacated;
> 4. Due process requires that Ms. Fjerstad be refunded the $600 Drug Court fee previously paid pursuant to the vacated charge. The State of Washington shall determine the method of any refund herein with all deliberate speed.
> 4. [sic] The Clerk of the court shall immediately transmit a copy of this order vacating the charge to the Washington State Patrol Identification Section and to the local police agency, if any, which holds criminal history information for the person who is the subject of the charge. The Washington State Patrol and any such local police

---

[7] 24 Wn. App. 2d 564, 520 P.3d 1066 (2022), *review denied*, 2 Wn.3d 1011 (2023).

agency shall immediately update their records to reflect the vacation of the charge, and shall transmit the order vacating the charge to the Federal Bureau of Investigation as required by RCW 9.96.060(7).

The State timely appealed.

## ANALYSIS

### I.      *Peterson* Controls

This is one of three companion cases that present the question of whether the trial court may retain and decide a post-*Blake* CrR 7.8 motion for relief where the sole charge was one of simple possession of a controlled substance that was dismissed upon successful completion of a drug court or other therapeutic diversion program.[8]   Like the other similarly situated respondents on appeal, Fjerstad asserts that the State lacks standing, its appeal is moot, and the trial court's order is not appealable.  As we held in *State v. Peterson*, the State has standing as to the Snohomish County drug court because it has a present, substantial interest in the funding and operation of therapeutic courts.  No. 85791-6-I, slip op. at 9 n.10.  However, the State has not demonstrated that it is authorized to bring this appeal on behalf of the Washington State Patrol.  *Id.*  Also, like the questions posed in *Peterson*, the State's appeal in Fjerstad's case is not moot both because we are capable of providing the relief Fjerstad sought in the trial court, vacatur of a dismissed criminal charge, and it involves a matter of continuing public

---

[8]   *See State v. Peterson,* No. 85791-6-I (Wash. Ct. App. Aug. 4, 2025), https://www.courts.wa.gov/opinions/pdf/857916.pdf; *State v. Hunter*, No. 85792-4-I (Wash. Ct. App. Aug. 4, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/857924.pdf.
    *State v. Hunter* is unpublished.  Pursuant to GR 14.1(c), this court may discuss unpublished opinions where necessary for a well-reasoned opinion.  *Hunter* is referenced here to establish the procedural fact of its decision alongside our published opinion in *Peterson* and the instant case.

interest with a likelihood of recurrence such that an exception to the mootness doctrine also applies. *Id.* at 5-6 n.6. Further, the trial court's order entered here, nearly identical to those under review in *Peterson* and *Hunter*, is appealable as it qualifies as a final decision under RAP 2.2(b)(1). *See id.* at 6-7.

Consistent with our holding in *Peterson*, the trial court erred here when it ordered vacatur of a dismissed criminal charge because that form of relief is simply not available for nonconviction data as defined by RCW 10.97.030(8).[9] *Id.* at 10-12. Signing orders that contain largely the same language as in both Peterson and Hunter's cases,[10] the trial court in Fjerstad's case directed that,

> 3. The charge of POSSESSION OF A CONTROLLED SUBSTANCE contained in the Information filed on May 28, 2007,[11] against the above-named defendant, is constitutionally defective pursuant to CrR 7.8(2) [sic] and *State v. Blake* and is hereby vacated;
> . . . .
> 4. The Clerk of the court shall immediately transmit a copy of this order vacating the charge to the Washington State Patrol Identification Section and to the local police agency, if any, which holds criminal history information for the person who is the subject of the charge. The Washington State Patrol and any such local police agency shall immediately update their records to reflect the vacation of the charge, and shall transmit the order vacating the charge to the Federal Bureau of Investigation as required by RCW 9.96.060(7).

---

[9] RCW 10.97.030(8) defines nonconviction data as follows:
*all criminal history record information* relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending. There shall be a rebuttable presumption that proceedings are no longer actively pending if more than one year has elapsed since arrest, citation, charge, or service of warrant and no disposition has been entered.
(Emphasis added.)

[10] The defense attorney who represented Fjerstad, Peterson, and Hunter in the trial court appears to have prepared the final orders signed in each case as they contain the same typographical errors.

[11] This date appears to be a typographical error as the charging instrument in Fjerstad's case was filed on March 28, 2007 and she was admitted to the CHART program on May 18, 2007. It stands to reason that she could not have entered the CHART program on this simple possession charge prior its filing and, more critically, the order of dismissal correctly notes the filing date as March 28, 2007.

This is a plain abuse of discretion as it is a misapplication of the vacatur statute to nonconviction data, which also implicates the ordering language in paragraph 4 as similarly improper. *See id.* at 18. This is true, in part, because the proper means by which to pursue the removal of nonconviction data is set out in chapter 10.97 RCW. *Id.*

The trial court's additional legal conclusion in the first paragraph 4[12] addresses Fjerstad's claim under *Nelson* and rules, in relevant part, that "[d]ue process requires that Ms. Fjerstad be refunded the $600 Drug Court fee previously paid pursuant to the vacated charge." We concluded in *Peterson* that *Nelson* is not controlling here because Peterson was never convicted of a crime that was later reversed and, more critically, the drug court fee she paid was not an LFO imposed pursuant to a criminal conviction. *Id.* at 12-13. The same is true for Fjerstad.

Fjerstad also argues in briefing that "refusing a drug court fee refund" would "effectuate a Fourteenth Amendment due process violation" and an "Eighth Amendment excessive fines violation" and "complete the crime of extortion in the second degree against Fjerstad." She further avers that she is entitled to restitution under "basic contract principles of mutual mistake, frustration of purpose, and violation of public policy." Because we conclude only that CrR 7.8 is not the mechanism for a refund after successful completion of drug court on a

---

[12] As with the orders on appeal in the companion cases, *Peterson* and *Hunter*, the order in Fjerstad's case contains two consecutive paragraphs identified as "4." The first paragraph 4 contains the ruling on Fjerstad's due process claim as to the refund of her $600 program fee and the second paragraph 4, set out in the block quote *supra*, directs the clerk and law enforcement to act on the order vacating the criminal charge.

single count of possession of a controlled substance, and do not decide the broader question of her entitlement to the return of her therapeutic court fee on the procedural posture presented here, we need not reach the merits of these additional arguments.

II.      *Blake* Relief Not Foreclosed

Out of an abundance of caution, we take this opportunity to reiterate the limitations on our opinions in this case, *Peterson*, and *Hunter*.  Each is constrained to the issues presented in briefing as shaped by the approach to the litigation pursued in the trial court.  This opinion, and our published opinion in *Peterson* on which we rely here, should not be misconstrued to suggest that *Blake* relief is not available to others who, like Fjerstad, chose a path through a therapeutic court solely on a simple possession charge, rather than exercising their right to trial or to accept a plea offer. At the risk of redundancy, we take this opportunity to again clearly state, by express adoption of our analysis of this point in *Hunter*, that the "policy reasons articulated by our Supreme Court in *Blake* as to its intended outcome, to restore those defendants to the same position prior to their prosecution under an unconstitutional statute, must apply equally to those who opted to pursue rigorous substance use disorder treatment, pay participation fees, and comport with conduct requirements and sanction protocols for long periods of time in order to earn dismissal of their drug possession charges."  No. 85792-4-I, slip op. at 7 (Wash. Ct. App. Aug. 4, 2025) (unpublished),   https://www.courts.wa.gov/opinions/pdf/857924.pdf.      The State argued in the trial court and on appeal that other avenues for relief may be a more appropriate path under our statutes, such as civil claims or pursuit of a PRP upon

demonstration of the nonconviction data or payment of participation fees as forms of restraint.  As we may only resolve this case based on the procedural posture by which it comes to us, we hold that CrR 7.8 motions are not the proper mechanism for the relief Fjerstad sought.

Reversed.

WE CONCUR: